UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD MILLS,

                Plaintiff,

v.

SUPERINTENDENT T. POOLE, et al.,

                Defendants.

**REPORT AND RECOMMENDATION**

07-CV-0351A(M)

---

        This action was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including "hearing and disposition of all non-dispositive motions" and "hear[ing] and report[ing] upon dispositive motions" (Dkt. #9). Before me is the motion of defendants Anthony Annucci, Sheryl Zenzen, and Lisa Laubner's (collectively "defendants")[1] to dismiss plaintiff's amended complaint (Dkt. #6). For the following reasons, I recommend that defendants' motion be DENIED.

### BACKGROUND

        Plaintiff commenced this 42 U.S.C. §1983 action *pro se* (Dkt. #5). In lieu of answering the amended complaint, defendants move to dismiss pursuant to Fed. R. Civ. P. 8 (Dkt. #6).

---

[1]     Defendants allege that the remaining defendants have not been served (Dkt. #7, p. 1).

## DISCUSSION AND ANALYSIS

### A.     A Motion to Dismiss Cannot Be Maintained Under Rule 8

While Rule 8 furnishes the standards for pleading in federal court, it cannot be utilized as a vehicle for dismissal of the amended complaint for pleading deficiencies.[2] That relief requires resort to Rule 12, which specifically enumerates the motions which may be addressed to a pleading. "Rule 8 interrelates, and is construed together with, the other federal rules of civil procedure . . . . By permitting motions rather than responsive pleadings in certain settings, Rule 12 expedites the presentation of defenses and objections to claims for relief." 2 Moore's Federal Practice (Third Ed. 2007), §8.02[2]. "Rule 8 gives the pleader guidance in framing claims for relief . . . . Sufficiency of the pleading, or inclusion of matters that go beyond providing notice . . . has a great bearing on whether to grant a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6), on whether to order plaintiff to file a more definite statement under Rule 12(e), and on whether material is redundant, immaterial, or impertinent and should be stricken under Rule 12(f)." Id., §12.03[4].

Defendants' reliance upon Salahuddin v. Cuomo, 861 F. 2d 40 (2d Cir. 1988) (Dkt. #7, p. 2) is misplaced. That case specifically cited Rule 12 as the basis for a motion directed to a pleading (861 F. 2d at 42), and further cautioned that "[w]hen the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8". Id.

---

[2]     I recently addressed the same issue in my November 2, 2007 Report and Recommendation/Decision and Order in Moshenko v. State University of New York at Buffalo, 07-CV-0116A(M).

Accordingly, I need not decide whether defendants would be entitled to relief had they moved to dismiss plaintiff's amended complaint for failure to state a claim pursuant to Rule 12(b)(6), or for a more definite statement pursuant to Rule 12(e), or to strike redundant, immaterial, impertinent, or scandalous matter pursuant to Rule 12(f), because no such motion is before me.

## CONCLUSION

For these reasons, I recommend that defendants' motion (Dkt. #6) be DENIED, without prejudice to their right to move against the amended complaint pursuant to Fed. R. Civ. P. 12.  Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation/Decision and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation/Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation/Decision and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

-3-

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:    November 5, 2007

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge