UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD MILLS,

                Plaintiff,

v.

SUPERINTENDENT T. POOLE, et al.,

                Defendants.

**REPORT AND RECOMMENDATION**

07-CV-0351A(M)

---

This action was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including "hearing and disposition of all non-dispositive motions" and "hear[ing] and report[ing] upon dispositive motions" (Dkt. #9). Before me is the amended motion of defendants Anthony Annucci, Sheryl Zenzen, and Lisa Laubner[1] to dismiss plaintiff's amended complaint (Dkt. #10). For the following reasons, I recommend that defendants' motion be DENIED.

## BACKGROUND

Plaintiff, an inmate, is currently incarcerated at the Five Points Correctional Facility ("Five Points") (Dkt. #5, ¶60). The Amended Complaint, seeking relief pursuant to 42 U.S.C. §§1981, 1983, and 1985, spans 49 pages, with 230 numbered paragraphs, and alleges twelve causes of action (Dkt. #5). It primarily challenges the constitutionality of Five Points' policies and practices concerning inmate mail, which plaintiff alleges has denied him access to the courts (Id., First, Second, Third, Tenth and Eleventh Causes of Action). Additionally, plaintiff asserts various claims arising from the improper handling of his grievances (Id., Fourth,

---

[1] Defendants allege that the moving defendants are the only defendants that have been served with the Amended Complaint (Dkt. #11, ¶2).

Fifth, Sixth, Eighth, and Ninth Causes of Action), and a claim for deliberate indifference to his skin condition (Id., Seventh Cause of Action).

On November 1, 2007, defendants moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. ("Rule") 8. (Dkt. #6). I recommended that that motion be denied without prejudice to defendants' right to move against the Amended Complaint pursuant to Rule 12, and my recommendation was adopted by Judge Arcara (Dkt. ##12, 14, 2007 WL 4224587). Consequently, defendants filed this amended motion to dismiss pursuant to Rules 8, 12(e), and 12(f) (Dkt. ##10, 11, ¶4).[2]

In support of their motion defendants contend, *inter alia*, that the Amended Complaint: 1) "is confusing, complex and verbose . . . [and] contains material that serves as nothing more than mere surplusage and is evidentiary in nature at best"; 2) "does not properly indicate which legal theories apply to which acts complained of"; and 3) "contains unnecessary prolix, contains extraneous material and attempts to try the plaintiff's amended complaint in the pleadings" (Dkt. #7, pp. 2-3).

## DISCUSSION AND ANALYSIS

Rule 8 [3] requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief", and that "[e]ach allegation must be simple, concise, and direct." Rules 8(a)(2) and (d)(1). To remedy a pleading that fails to comply with the

---

[2] Defendants' amended motion relies solely on their initial moving papers (Dkt. #10).

[3] The Rules were amended effective December 1, 2007. The Advisory Committee Notes to Rules 8 and 12 indicate that the amendments "are intended to be stylistic only". Consequently, I rely on authorities construing the previous version of the applicable Rules.

requirements of Rule 8, a party may move for a more definite statement pursuant to Rule 12(e), or to strike "any redundant, immaterial, impertinent, or scandalous matter" pursuant to Rule 12(f). Additionally, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F. 2d 40, 42 (2d Cir. 1988). However, dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." Salahuddin, supra, 861 F. 2d at 42 (citations omitted).

Rather than asking me to strike or compel a more definite statement as to specific portions of the Amended Complaint, defendants ask me to dismiss the Amended Complaint in its entirety. However, such relief would not be appropriate, as they have not moved for dismissal under Rule 12(b)(6). Even if they had done so, I do not find the allegations of the Amended Complaint to be so confusing, ambiguous, vague, or unintelligible as to warrant dismissal. "[W]e read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted). "While we have insisted that complaints be concise because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage, plaintiff's long submission does not overwhelm the defendants' ability to understand or to mount a defense". Wynder v. McMahon, 360 F.3d 73, 80 (2d Cir. 2004) (internal citations and quotation marks omitted).

While defendants argue that the Amended Complaint is more than triple the length of the complaint dismissed in Salahuddin, supra, complaints longer than the one at issue have also been upheld. See e.g., Shyshko v. County of Monroe, No. 07-CV-6122, 2007 WL 2042822, *2-3 (W.D.N.Y. July 12, 2007) (Siragusa, J.) (declining to dismiss a 97 page complaint with 415 paragraphs for being unnecessarily prolix).

## CONCLUSION

For these reasons, I recommend that defendants' amended motion (Dkt. #10) be DENIED. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:   January 7, 2008

_/s/ Jeremiah J. McCarthy_
JEREMIAH J. MCCARTHY
United States Magistrate Judge