UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD MILLS,

                      Plaintiff,

v.

SUPERINTENDENT T. POOLE, et al.,

                      Defendants.

**REPORT AND RECOMMENDATION**

07-CV-0351(A)(M)

---

This action was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including "hearing and disposition of all non-dispositive motions" and "hear[ing] and report[ing] upon dispositive motions" (Dkt. #9). Before me are plaintiff's motions for a preliminary injunction (Dkt. #21) and for an expedited hearing (Dkt. #22). For the following reasons, I recommend that plaintiff's motions be DENIED.

## BACKGROUND

Plaintiff, an inmate, is currently incarcerated at the Five Points Correctional Facility ("Five Points") (Dkt. #5, ¶60). Plaintiffs' initial complaint was filed on June 4, 2007 (Dkt. #1), and was amended as of right on August 8, 2007 (Dkt. #5). The amended complaint, primarily challenges the constitutionality of Five Points' policies and practices concerning inmate mail, which plaintiff alleges has denied him access to the courts (Id., First, Second, Third, Tenth and Eleventh Causes of Action). Plaintiff seeks monetary and injunctive relief. (Id.).

Plaintiff represents himself *pro se* in this, and several other pending cases (6-CV-751, 4-CV-5, and 6-CV-842) in which he is allegedly using his mother, Joanne Mills, R.N., as his medical expert, to copy, file and store his legal and medical documents (Dkt. #5, ¶93; Dkt.

#21, declaration of plaintiff, ¶¶15, 20-26). DOCS has treated this mail as non-privileged, which, under DOCS Directive No. 4422, subjects it to inspection and prohibits him from receiving more than five pages of correspondence in a single envelope (Dkt. #21, Declaration, ¶13; Dkt. #30, Ex. B). If these correspondence were treated as privileged, pursuant to DOCS Directive No. 4421, it could not be opened outside of plaintiff's presence, except under limited circumstances (Dkt. #30, Ex. A).[1] However Five Points contends that the communications from Ms. Mills, plaintiff's medical expert, are not considered privileged pursuant to Directive No. 4421 because they are not an attorney/client or medical provider/patient communication (Dkt. #30, ¶¶3-4). Consequently, plaintiff argues that this policy impermissibly requires him to "waive any and all legal confidentiality in his *pro se* cases", where he is "by legal definition the attorney of record" (Dkt. #21, Declaration of plaintiff, ¶29).

Plaintiff seeks a preliminary injunction and/or temporary restraining order permitting him to receive incoming correspondence "in excess of Five Pages per-envelope and that such mail 'marked as legal/confidential/medical' be considered privileged correspondence by defendants", and that "incoming correspondence bearing the return address specifically of 'Joanne Mills, R.N.' be considered privileged correspondence with unlimited page amounts" (Dkt. #21).

---

[1] Plaintiff argues that "at least once [defendants] opened up mail from a N.Y.S. Attorney General without plaintiff present" (Dkt. #33, p.5). However, the materials he has submitted in support of this allegation do not appear to support this contention (Dkt. #21, Ex. C).

## DISCUSSION AND ANALYSIS

A.   **Preliminary Injunction Standard**[2]

A party seeking a preliminary injunction ordinarily must show that he will suffer irreparable harm in the absence of an injunction, and demonstrate either: "(1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." Jolly v. Coughlin, 76 F. 3d 468, 473 (2d Cir. 1996). However, in some circumstances, an even higher standard applies. Where, as here, the injunction sought will alter, rather than maintain, the status quo by commanding some positive act, it is properly characterized as a mandatory rather than a prohibitory injunction, and plaintiff must show a "clear" or "substantial" likelihood of success on the merits. See Jolly, supra, 76 F. 3d at 473; Phillip v. Fairfield University, 118 F. 3d 131, 133 (2d Cir. 1997).

"In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." Fisher v. Goord, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (Arcara, J.). "A court should show greater reluctance to issue a mandatory injunction than a prohibitory injunction." Hurley v. Toia, 432 F. Supp. 1170, 1175 (S.D.N.Y. 1977), aff'd, 573 F. 2d 1291 (2d Cir. 1977) (unpublished).

---

[2]   "In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction." Jackson v. Johnson, 962 F.Supp. 391, 392 (S.D.N.Y. 1997).

**B.     Irreparable Harm**

Plaintiff argues that mail restrictions have caused him "huge delays" in his civil matter and that "he needs materials from his home to prosecute this action which is against the defendants who want to open and inspect legal documents . . . outside of plaintiff's presence" (Dkt. #33, p. 5).

"Any such presumption of irreparable harm is inoperative if the plaintiff has delayed either in bringing suit or in moving for preliminary injunctive relief. Though such delay may not warrant the denial of ultimate relief, it may, standing alone, preclude the granting of preliminary injunctive relief, because the failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury". Tough Traveler, Ltd. v. Outbound Products, 60 F. 3d 964, 968 (2d Cir. 1995); see also Costello v. McEnery, 767 F.Supp. 72, 78 (S.D.N.Y. 1991), aff'd, 948 F. 2d 1278 (2d Cir. 1991), cert. denied, 504 U.S. 980 (1992) (applying this principle in a §1983 action).

Here, plaintiff's amended complaint alleges that defendants have restricted his access to his mail since February 2005 (Dkt. #5, ¶72).[3] Plaintiff's more than two-year delay in seeking a preliminary injunction undermines any claim of irreparable harm.

Moreover, even if plaintiff did not delay in seeking injunctive relief, I would still conclude that he has failed to establish irreparable harm. Plaintiff has failed to demonstrate how

---

[3]     This allegation appears to contradict the claim in plaintiff's motion for a preliminary injunction that "prior to defendant Zenen, defendant Lemke, and the new mail room supervisor in 2006-2007 at Five Points Correctional Facility, Deputy Superintendent Weingartner sent plaintiff's legal documents from Joanne Mills to the plaintiff through the legal mail delivery, ie 'privileged correspondence' " (Dkt. #21, Declaration of plaintiff, ¶19). Nevertheless, even if this conduct began occurring in 2006, plaintiff's decision to delay in seeking injunctive relief until December 2007 undermines his claim of irreparable harm.

the "delays" have prevented him from litigating his law suits. Further, even though plaintiff contends that Directive No. 4422 requires him to waive his confidentiality in this case, Directive No. 4422 prohibits correspondence from being read unless there is evidence that it contains contraband, plans for criminal activity, or information which, if communicated, would create a clear and present danger to the safety of others (Dkt. #30, Ex. B, ¶(III)(G)(6)).

Therefore, I recommend that plaintiff's motion be denied on this basis alone. In light of this recommendation, I likewise recommend that plaintiff's motion for an expedited hearing (Dkt. #22) be denied as moot.[4]

### C.   Likelihood of Success

Even if plaintiff could establish irreparable harm, I conclude that plaintiff has not made a clear or substantial showing of a likelihood on the merits.

"When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). "The prisoner-plaintiff bears the burden of proving that [a] disputed regulation is unreasonable." Shakur v. Selsky, 391 F. 3d 106, 113 (2d Cir. 2004). "Courts must evaluate four factors in making the reasonableness determination: whether the challenged regulation or official action has a valid, rational connection to a legitimate governmental

---

[4] "There is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." Maryland Casualty Co. v. Realty Advisory Board on Labor Relations, 107 F. 3d 979, 984 (2d Cir. 1997). I find that plaintiff's motion can be resolved on the papers before me without the need for a hearing.

objective; whether prisoners have alternative means of exercising the burdened right; the impact on guards, inmates, and prison resources of accommodating the right; and the existence of alternative means of facilitating exercise of the right that have only a *de minimis* adverse effect on valid penological interests." Salahuddin v. Goord 467 F.3d 263, 274 (2d Cir. 2006). Each of these factors will be addressed:

### 1. Does the challenge regulation have a valid rational connection to a legitimate government purpose?

"Where the regulations at issue concern the entry of materials into the prison . . . a regulation which gives prison authorities broad discretion is appropriate." Thornburgh v. Abbott, 490 U.S. 401, 416 (1989). Thus, "this Court has repeatedly found . . . a valid, rational connection between the decision to impose a watch on a prisoner's mail and the desire to ensure the good order of the prison and the rehabilitation of prisoners by preventing a prisoner from engaging in illegal activities while incarcerated." Duamutef v. Hollins, 297 F.3d 108, 112 (2d Cir. 2002).

Defendant Sheryl Zenzen, Deputy Superintendent of Programs at Five Points (Dkt. #30, ¶1), states that the purpose of Directive Nos. 4421 and 4422 is to "ensure that contraband which is a security risk is not passed through the mail" and the page limit for non-privileged correspondence is to ensure that "there is sufficient personnel to properly review incoming correspondence" (Id. at ¶5). Therefore, I find that Directive Nos. 4421 and 4422 bear a rational relationship to Five Points' penological interests. See Duamutef, supra, 297 F.3d at 112.

2. **Does plaintiff have alternative means of exercising the burdened right?**

Directive No. 4422 does not limit the number of envelopes of non-privileged material an inmate can receive (Dkt. #30, ¶6). Moreover, Directive No. 4422 permits an inmate to request a waiver once every four months to receive materials related to an inmate's current legal matter, in excess of five pages within a single correspondence (Dkt. #30, Ex. B, ¶(III)(B)(3)). In fact, plaintiff was granted a waiver on September 7, 2007, pursuant to which he received several hundred pages of materials from Ms. Mills (Dkt. #30, ¶8). Despite having the opportunity to request another waiver in January 2008, he elected not to do so (Id.).

3. **What would be the impact on Five Points of accommodating the right?**

As alleged by defendant Zenzen, permitting plaintiff to not abide by Directive Nos 4421 and 4422 would "obviously impact on security concerns and deplete prison resources" (Dkt. #30, ¶5).

4. **Are there alternative means of facilitating plaintiff's right that will have only a de minimis adverse impact on valid penological interests?**

Defendants are not required to demonstrate the inadequacy of "every conceivable alternative method of accommodating the claimant's constitutional complaint." Turner, supra, 482 U.S. at 90-91. As discussed supra, the alternatives to DOCS mail restrictions are those which are already available to him.

Once defendants satisfy "the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct[,] the burden remains with the prisoner to

show that these articulated concerns were irrational." Salahuddin, supra, 467 F. 3d at 275. I find that defendants have satisfied their burden, whereas plaintiff has failed to meet his. Accordingly, I conclude that plaintiff has not established a clear or substantial likelihood of success on the merits. See Turner, supra, 482 U.S. at 91 (upholding prison policy prohibiting correspondence among inmates of different correctional institutions); Thornburgh, supra, 490 U.S. at 419 (upholding a prison regulation that authorized prison officials to reject incoming publications found to be detrimental to institutional security).

## CONCLUSION

For these reasons, I recommend that plaintiff's motion for preliminary injunction (Dkt. #21), and for an expedited hearing (Dkt. #22) be DENIED. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. ("Rule") 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:  March 13, 2008

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JEREMIAH J. MCCARTHY
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge